| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Stacey D. Howard,<br>TDCJ 735266,<br>　　　　　Plaintiff,<br><br>*versus*<br><br>Barbara K Castleberry, *et al.*,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-14-415 |

## Amended Opinion on Dismissal

Stacey Howard is a Texas prisoner. Howard sues prison guard Barbara Castleberry and Assistant Warden Selman. He claims Castleberry deprived him of his personal property. He says an assistant warden ignored this and covered up the theft.

Howard's allegations follow. On September 8, 2013, his eyeglasses and case had slipped out of his pocket without his noticing. Officer Castleberry saw this and retrieved the glasses. She said to Howard: "Hey, do you want these?" He responded, "Yes ma'am, thanks. I appreciate it," and reached for his glasses. She moved her hand back and told Howard to beg for his glasses. He responded: "I'll give you another big thank you, however, I'm an ex-marine. We don't beg." She screamed: "I'll break these mother fuckers and throw them away." She twisted and crushed the glasses and threw them in a garbage can.

Howard later recovered his mangled glasses from the garbage can. Howard complained to Selman and filed a grievance. Selman ignored the complaint of Castleberry's misconduct. Howard contends the warden denied him due process in ignoring Castleberry's actions, denying his grievance, and failing to redress the damage he suffered. Howard seeks damages for the destruction of his eyeglasses, a declaration that the defendants violated his due process rights, and an injunction prohibiting "a record being made" and retaliation.

The due process clause of the Constitution is not violated when a state employee takes personal property from a prisoner when he has an adequate remedy under state law. *Hudson v. Palmer*, 468 U.S. 517, 535 (1984). Random, unauthorized property deprivations

do not violate due process where the prisoner has a remedy under state law to seek the return of his property. *Id.* Under Texas law, the tort of conversion meets this requirement. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Myers v. Adams*, 728 S.W. 2d 771, 772 (Tex. 1987).

Howard has not raised a constitutional violation. This case will be dismissed.

Signed May 21, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge